IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GARY B. WILLIAMS,     )
                      )
   Petitioner,        )
                      )
v.                    )     Civil Action No. 3:13CV276–HEH
                      )
HAROLD CLARKE,        )
                      )
   Respondent.        )

## MEMORANDUM OPINION
(Denying Motion for Recusal and for Reconsideration)

Gary B. Williams, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 28 U.S.C. § 2254 petition. Williams has filed a Motion for Recusal (ECF No. 24) of the undersigned citing a series of unfavorable rulings in Williams's prior actions to demonstrate the Court's purported partiality and bias. The Court harbors no bias against Petitioner nor does he demonstrate any circumstances where the impartiality of the undersigned might be reasonably questioned. *See* 28 U.S.C. § 455.[1] Williams's Motion for Recusal (ECF No. 24) will be denied.

---

[1] The statute provides, in relevant part

**(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
**(b)** He shall also disqualify himself in the following circumstances:
   **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455.

By Memorandum Order entered on March 25, 2014, the Court denied Williams's "Motion For A[n] Order For The Production of Specific State Court Records." (ECF No. 23.) Williams sought state court records from unrelated actions that were unnecessary for the resolution of the instant action. Williams now seeks reconsideration of that Memorandum Order under Federal Rule of Civil Procedure 54(b).[2] (ECF No. 27.) The power to grant relief under Rule 54(b) "is committed to the discretion of the district court." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)). Granting a motion for reconsideration generally should be limited to instances such as the following:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare.

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *accord United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997);

---

[2] While Williams labels his motion as one brought under Federal Rule of Civil Procedure 59(e) or 60(b), his motion is properly brought pursuant to Federal Rule of Civil Procedure 54(b). The rule states in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

see *Tully v. Tolley*, 63 F. App'x 108, 113 (4th Cir. 2003) (concluding district court properly denied Rule 54(b) motion where new evidence could have been discovered with due diligence). Reconsideration is also appropriate when "'the prior decision was clearly erroneous and would work manifest injustice.'" *Am. Canoe Ass'n*, 326 F.3d at 515 (quoting *Sejman v. Warner–Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988)). The courts do not entertain motions to reconsider which ask the Court merely to "rethink what the Court had already thought through—rightly or wrongly." *Above the Belt, Inc.*, 99 F.R.D. at 101. Williams fails to satisfy the relevant criteria for reconsideration. He fails to demonstrate that the Court's prior decision was made in error, would cause manifest injustice, or any other reason to grant relief. Thus, his Motion for Reconsideration (ECF No. 27) will be denied.

An appropriate Order will accompany this Memorandum Opinion.

                                                      /s/
                                      HENRY E. HUDSON
Date: June 20, 2014            UNITED STATES DISTRICT JUDGE
Richmond, Virginia