## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

GARY B. WILLIAMS,          )
                                )
        Petitioner,       )
                                )
v.                           )      Civil Action No. 3:13-cv-276–HEH
                                )      Civil Action No. 3:23cv780
HAROLD CLARKE,         )
                                )
        Respondent.     )

### MEMORANDUM OPINION
### (Dismissing Successive § 2254 Petition)

Petitioner Gary B. Williams ("Petitioner" or "Williams"), a Virginia prisoner proceeding *pro se*, attempted to remove his state criminal prosecution to this Court. Because Williams "failed to demonstrate that the requisite jurisdiction exists to allow him to remove his criminal cases to this Court," the Court remanded the matter to the Circuit Court for the City of Suffolk ("Circuit Court"). *Williams v. Circuit Court for Suffolk*, Nos. 3:11-cv-125–HEH, 3:12-cv-78–HEH, 2012 WL 6099090, at *3 (E.D. Va. Dec. 7, 2012). Subsequently, a jury found Williams guilty of aggravated malicious wounding and shooting, stabbing, cutting, or wounding during the commission of a felony, and the Circuit Court imposed a forty-five-year sentence. *See Williams v. Clarke*, No. 3:13-cv-276–HEH, 2014 WL 3640344, at *1 (E.D. Va. July 22, 2014). By Memorandum Opinion and Order entered on July 22, 2014, the Court denied a petition for a writ of habeas corpus that is the subject of the present case. *Id.* at *8. Now, over nine (9) years

later, Williams has filed a motion labeled as one under Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion," ECF No. 45) that challenges his underlying conviction.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (emphasis in original) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2254 petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the

2

> prisoner is not seeking relief available under Rule 60(b) but is instead
> continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (citations omitted).

In his Rule 60(b) Motion, Williams argues that the Circuit Court lacked jurisdiction to convict him because, at the time of his criminal proceedings, his case was removed to federal court. (Mem. in Supp. at 4, ECF No. 46.) Williams indicates that this argument was the subject of Claim Two of his § 2254 petition. (*Id.*) Little discussion is needed here as Williams clearly continues to attack his state conviction. Thus, his Rule 60(b) Motion must be construed as an unauthorized, successive 28 U.S.C. § 2254 petition. *Winestock*, 340 F.3d at 207; *see Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005) (construing a motion as a successive habeas corpus application if it seeks vindication of a claim for relief from the criminal judgment, regardless of the title on the motion). Accordingly, the Court must treat the Rule 60(b) Motion as a successive § 2254 petition.

The Clerk will be directed to assign a civil action number to the Rule 60(b) Motion (ECF No. 45). The Court has not received authorization from the Fourth Circuit to file a successive § 2254 petition. Therefore, the action will be DISMISSED for want of jurisdiction. A certificate of appealability will be DENIED.

An appropriate Final Order shall accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Court

Date: **Nov. 16, 2023**
Richmond, Virginia

3