IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GARY B. WILLIAMS, )
)
    Petitioner, )
)
v. ) Civil Action No. 3:13-cv-276–HEH
)
HAROLD CLARKE, )
)
    Respondent. )

## MEMORANDUM OPINION
(Denying Petitioner's Rule 59(e) Motion)

Over a decade ago, Petitioner Gary B. Williams ("Petitioner" or "Williams"), a Virginia prisoner proceeding *pro se*, attempted to remove his state criminal prosecution to this Court. Because Williams "failed to demonstrate that the requisite jurisdiction exists to allow him to remove his criminal cases to this Court," the Court remanded the matter to the Circuit Court for the City of Suffolk (the "Circuit Court"). *Williams v. Cir. Ct. ex rel. Suffolk*, Nos. 3:11-cv-125–HEH, 3:12-cv-78–HEH, 2012 WL 6099090, at *3 (E.D. Va. Dec. 7, 2012). "A jury found Williams guilty of both aggravated malicious wounding and shooting, stabbing, cutting or wounding during the commission of a felony," and "[t]he Circuit Court imposed a forty-five-year sentence." *See Williams v. Clarke*, No. 3:13-cv-276–HEH, 2014 WL 3640344, at *1 (E.D. Va. July 22, 2014).[1] By

---

[1] In the November 16, 2023 Memorandum Opinion (ECF No. 47), the Court mistakenly used the word "subsequently" to indicate that he was convicted after Williams attempted to remove this criminal proceedings to this Court. In this opinion, the Court clarifies that Williams was convicted on July 12, 2011. *See Williams*, 2014 WL 3640344, at *1.

Memorandum Opinion and Order entered on July 22, 2014, the Court denied a petition for a writ of habeas corpus that is the subject of the present case. *Id.* at *8. Over nine (9) years later, Williams filed a motion labeled as one under Federal Rule of Civil Procedure 60(b) (the "Rule 60(b) Motion," ECF No. 45) that challenged his underlying conviction. Accordingly, by Memorandum Order (ECF No. 47) entered on November 16, 2023, the Court determined that the Rule 60(b) Motion was as an unauthorized, successive 28 U.S.C. § 2254 petition. (*Id.* at 3 (internal citations omitted).)

On December 12, 2023,[2] Williams filed a "Motion to Vacate" (ECF No. 51), which he labels as a motion brought under Federal Rule of Civil Procedure 60(b). (*Id.* at 1.) However, because Williams's submission was received within twenty-eight (28) days after the entry of the November 16, 2023 Memorandum Opinion and Order, the Court will construe this submission as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) (the "Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (holding that a filing made within the requisite Rule 59(e) timeframe shall be construed as a Rule 59(e) motion) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal citation and quotations omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e):

---

[2] The Court deems the motion filed on the date Williams placed it in the outgoing legal mail. *Houston v. Lack*, 487 U.S. 266, 276 (1988); (*see* Rule 59(e) Mot. at 13).

2

"(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co., Inc.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Williams does not cite to any change in the controlling law or new evidence that was not previously available in support of his Rule 59(e) Motion. Further, Williams fails to demonstrate that the Court committed a clear error of law or that relief under Rule 59(e) is necessary to prevent a manifest injustice. Williams suggests that his prior Rule 60(b) Motion should not have been treated as a successive § 2254 petition because he was "seek[ing] only to get a[n] adjudication of the merits of Claim Two of his § 2254 petition that was dismissed on July 22, 2014." (Rule 59(e) Mot. at 2.) That was not the case. Instead, in his Rule 60(b) Motion, Williams once again argued that the state court lacked jurisdiction to convict him because of his frivolous attempt at removing his case to this court. (*See* Mem. in Supp. of Rule 60(b) Mot. at 4, ECF No. 46.) Williams specifically asked the Court to "vacate the state's void and unlawful default judgment of conviction that is the subject of Claim Two of the petition for a writ of habeas corpus." (*Id.* (punctuation corrected).)

Despite his new contention that he was simply challenging this Court's refusal to review Claim Two on the merits, *see Williams*, 2014 WL 3640344, at *4–7, in his Rule 60(b) Motion, Williams was once again attempting to attack his state conviction. Thus, it was properly construed as a successive § 2254 petition. Therefore, Williams

3

fails to show that Rule 59(e) relief is necessary to prevent a manifest injustice. Accordingly, the Rule 59(e) Motion (ECF No. 51) will be denied. A certificate of appealability will be denied.

    An appropriate Final Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Court

Date: February 20, 2024
Richmond, Virginia